Judge Owsley
delivered the opinion of the court.
This was an ejectment, brought by the appellee in the court below, to recover the possession of a tract of land held by the appellant under an adverse claim.
The appellee asserted his title under the will of Thomas M’Gee, in whose name a grant appears to have issued from the commonwealth of Virginia in 1784; but as the devisor is proven to have departed this life before that time, there can have been no grantee, capable at the date of the grant, of taking the thing granted, and, consequently, as a sufficient grantee is of the essence of every grant, according to the settled doctrine of the common law, the appellee can- *200 hot deduce, through sjach a grant, a valid title to the land in contest.
'Provided act°the coní taonwealih had granted another^ to
fbat act's only relates to"the Snterest° of the mesne patentee.
But the legislature of this country, aware that grants had issued, and more probably would, in future, issue in the names of deceased persons, at their session of 1792, (1 Littell, 160,) enacted that in all such cases, the land conveyed should descend to the heir, heirs or devisees, in the same manner as it would do had the grant issued in the lifetime of such decedent.
Assuming the title not to have passed, prior to this act, bv a grant to á dead person, it must have- continued to reside in the commonwealth, and, consequently) the legislature, by the passage of a law for that purpose, might transfer her interest in the land, to such person as might, upon the decease of the ancestor, have gained an interest in his claim; and as a devisee is one of those for whose benefit the act of 1792 was enacted, the appellee, in that character, is clearly entitled to the benefit of its provisions.
jf no graijt had issued, therefore, to any other person, before the passage of the act of 1792, the appellee as de-visee to Thomas M’Gee, would, most clearly, have been invested with the right of entry in the land, and as such, en< titled to succeed in the present action.
But as the appellant is shewn to claim the land by a conveyance from those to whom a grant issued prior in date to the passage of the act in question, although the date of that grant is junior to the one which issued to Thomas M’Gee, the appellee’s devisor, the act cannot; upon any principle, be construed to invest the appellee with the superior right.
Tor, if, as we have seen, the grant to M’Gee, in conse-of his death, is inoperative, it results, that the title cont*nlíet^ *n commonwealth until the grant subsequently issued to those under whom the appellant claims, and, consequently, that grant must have conferred upon them a legal right of entry, and as they acquired that right before the passage of the act of 1792, to give the act an operation, divesting them of that right, would not only do violence to its expressions, but impute to its makers an intention, by passing a law materially and vitally changing the rights of those claiming land derived from the laws of Virginia, to violate the compact entered into with that state.
Although the act applies as well to grants which had *201 issued, as to those which might thereafter issue, it was obviously the intention of the legislature, by declaring in the future tense, that the land should descend, fyc. to exclude any retrospective operation upon the rights of others, but as respects the passing of the title, to make it prospective only.
Hardin for appellant, Talbot for appellee.
spective only so far as to deciare* ^ arde-visee to the deceasecl a* 111⅛⅛⅛ shall take,
It is true, as the title is declared to descend to the heir of the person in whose name the grant may have issued, in furtherance of the presumed intention of the legislature, as was held in the case of Hansford and Flinn’s heirs, 4 Bibb, 585, the heir at the deeéase of the ancestor, and not such persons as might have been his heirs, had he survived the emanation of the grant, is entitled to the benefits of the act. But as in that case, where the death of the happens before the passage of the act, the time of his death is in no otherwise material, than for the purpose of ascertaining the person entitled under the act.
Excluding, therefore, from this act, any retrospective effect, on the rights of adverse claimants, and confining its operation, as was most probably intended by its makers, to the perfecting of the title, to the decedent’s claim, in those holding under him, and considering the title so perfected as taking date from the passage of the act, it necessarily results that the appellee failed to manifest his right to recover; and the court below, consequently, ought, upon the motion of the appellant tor that purpose, to have awarded a new trial. The judgment of that court must be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.