JACOB WILMAN *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries—Negligence—Care Required on Part of Railway Company and Public—Streets of City—Public Highways—Superior Rights of Company—Measure of Damages.*

1.   The streets of the city are public highways.   Railway companies have the right to use them for the purposes of the railways thereon, and the public have the right to use them for the ordinary purposes of public streets.   The railway companies, and the public, are required by law to use due and ordinary care in the exercise of their respective rights.   The right of each must be exercised with due regard to the right of the other, and the right of each must be exercised in a reasonable and careful manner so as not unreasonably to interfere with or abridge the rights of the other.

2.   It is the duty of the company to provide competent and careful motormen and servants; to see that they use reasonable care in operating the cars; that the cars move at a reasonable rate of speed; and that they slow up or stop, if need be, where danger is imminent.   There is a like duty of exercising reasonable care on the part of the people who may otherwise use such highways, to stop, and if need be, to turn out and heep out of the tracks of the cars in the presence of danger.

3.   The care required on the part of both company and public must depend upon the circumstances of each case.   The general rule, however, is that the person in charge of the car and the person in charge of the wagon are bound to the reasonable use of their sight and hearing for the prevention of accident, and to the exercise of such reasonable caution as an ordinarily careful and prudent person would use under like circumstances.

4.   The right of a street railway company within its lines is superior to that of other users of the street, and must not be unnecessarily interfered with or obstructed, but this should not be understood as exempting the company in any case from the exercise of due and proper care.   The public, using due care, have the right, in vehicles or on foot, to cross railway tracks as welll within the blocks as at street crossings.

5.   Even though the defendant company may have been negligent, yet if the negligence of the plaintiff contributed to, or entered into the accident, at the time of the injury, the plaintiff cannot recover, because he in that case would be guilty of contributory negligence.

6.   The measure of damages.

(*February 17, 1903.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*L. Irving Handy* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, February Term, 1903.

ACTION ON THE CASE (No. 145, September Term, 1901) for damages for personal injuries, also for injuries to horse and wagon and loss of milk, occasioned by a collision of a car of the defendant company with the milk wagon of the plaintiff, on East Second Street in the city of Wilmington.

BOYCE, J., charging the jury :

Gentlemen of the jury:—This action is brought for the recovery of damages for injuries to the person and property of the plaintiff, alleged to have been sustained by him by reason of the negligence of the defendant company. The issue presented is essentially one of fact to be determined by you from the evidence as disclosed by the witnesses

In a case like this, the right of action by the plaintiff rests upon the negligence, if any, of the defendant. It is, therefore, incumbent upon the plaintiff to establish, by a preponderance of the evidence, that the injuries complained of resulted from the negligence of the defendant company. Negligence is never presumed. It must be proved.

This case is similar in many respects to the case of Snyder *vs.* the defendant company which was recently tried in this Court.

Adopting the language of the Court in that case, so far as it is applicable to the facts in this, we say to you that Second Street in this city is a public highway. The defendant company uses, and and has a right to use that street for the purposes of its railway thereon, and the public have the right to use that and the inter-

secting streets for the ordinary purposes of a public street. The railway company and the public are required by law to use due and proper care in the exercise of their respective rights.

The right of each must be exercised with due regard to the right of the other, and the right of each must be exercised in a reasonable and careful manner so as not unreasonably to abridge or interfere with the rights of the other.

*Price vs. Charles Warner Co., 1 Pennewill, 462.*

And it is the duty of the company to provide competent and careful motormen and servants; to see that they use reasonable care in operating the cars; that the cars move at a reasonable rate of speed; and that they slow up or stop, if need be, where danger is imminent. There is a like duty of exercising reasonable care on the part of people who may otherwise use such highway, to stop, and if need be, to turn out and keep out of the tracks of the cars in the presence of danger. *Brown vs. Railway Co., 1 Pennewill, 332.*

We will not attempt to specify the precise acts of precaution which are necessary to be done or omitted by one in the management of an electric car, or by one in the management of a wagon approaching the railway track, or attempting to cross the same. Such acts must depend upon the circumstances of each case, and the degree of care required differs in different cases. The general rule is that the person in the management of the car and the person in the management of the wagon are bound to the reasonable use of their sight and hearing for the prevention of accident, and to the exercise of such reasonable caution as an ordinarily careful and prudent person would use under like circumstances.

What is due and proper care depends upon the facts in each case. A person approaching a railway track or attempting to cross it, whether at a street crossing or at any other point along the street upon which it is laid, is bound to avail himself of his knowledge of the fact that the track is laid in the street, and act accordingly. If he approaches the track, or attempts to cross it, he is

bound to look for approaching cars in time, if possible, to avoid collision with them ; and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision, he is guilty of negligence. *Price vs. Charles Warner Co., Supra.*

It has been held by this Court that the right of a street railway company within its lines, is superior to that of other users of the street and must not be unnecessarily interfered with or obstructed, (*Maxwell vs. Railway Co., 1 Mar., 199,* and *Brown vs. Railway Co., 1 Pennewill, 335*). But as was said in *Price vs. Warner, Supra,* " The broad assertion of the superior right of a railway company may be subject to abuse, and should not be understood as exempting it in any case from the exercise of due and proper care." * * * The public, using due care, have the right, in vehicles or on foot, to cross railway tracks as well within the blocks as at street crossings. The company and the traveler are required to use such reasonable care as the circumstances of the case demand, an increase of care on the part of both being required where there is an increase of danger.

Even though the defendant company may have been negligent upon its part, yet if the negligence of the plaintiff contributed, or entered into the accident, at the time of the injuries complained of, your verdict should be for the defendant; as the plaintiff in that case would be guilty of contributory negligence. Where there is contributory negligence the law will not attempt to measure the proportion of blame, or negligence, to be attributed to each party.

If the injuries to the person and property of the plaintiff were occasioned by the negligence of the defendant company, or of its servants or agents, or any of them, and without the fault and negligence of the plaintiff, then your verdict should be for the plaintiff. If your verdict should be for the plaintiff, it should be for such sum as will reasonably compensate him for the injuries to his property and his person. For this purpose, you should take into consideration the plaintiff's pain and suffering, and his loss of

power to perform labor, in the past and in the future, which may be found by you to be the result of the injuries sustained by him ; also his loss of time and necessary expenses in procuring labor which but for such injuries he would himself have performed; also his expenses for medicine and medical attendance received by reason of such injuries, and, if such injuries are of a permanent character, you should consider that fact in determining the amount of damages.

Verdict for defendant.