JOHN B. McALLISTER *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal  Injuries—Negligence—Duty  of  Railway  Company—*
*Duty of Passenger—Jumping from Car—Overcrowd-*
*ing  Car—Pleading—Conflicting  Testi-*
*mony—Measure of Damages.*

1.   The law imposes upon common carriers of passengers the duty of providing safe cars, machinery and appliances, of keeping them in good repair and safe condition, of providing competent and careful servants, and seeing that they use reasonable care in operating the cars so as to avoid danger.   The degree of care required is the same whether the motive power be steam or electricity.

2.   While a common carrier is not an insurer of the safety of its passengers, it is required to exercise the highest degree of care and diligence that is reasonably practicable; and there is, at the same time, a duty resting upon the passenger to act with prudence, and to use the means provided for his safe transportation, with reasonable circumspection and care; and if his negligent act contributes to the injury he cannot recover.

3.   Evidence that the plaintiff, to escape the danger of a collision, jumped from the car upon which he was riding, will not support an averment in the narr to the effect that he was thrown from his seat, or that he was thrown out of the car upon the ground.

4.   Evidence to the effect that the motorman lost control of his car, causing a collision between two other cars, because the snap switch on the rear of the car was closed when it should have been open, will not support an averment that the car was improperly equipped with a defective air-brake. But if the injury was caused by the switch being closed, and by the exercise of due care and caution the servants of the company, might or should have discovered the fact, the failure to make such discovery and open the switch, would constitute negligence.

5.   If the servants of a railway company negligently and carelessly permit a car to be overcrowded and by reason thereof lose control of the car and the injury thereby happens, the company would be liable.

6.   If, however, the negligence of the plaintiff contributed to and proximately entered into the accident which resulted in the injury, he cannot recover.

7.   Rule to govern the jury when there is conflict in the testimony.

8.   Measure of damages.

*(February 27, 1903.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*J. Harvey Whiteman, Henry C. Conrad* and *Daniel O. Hastings* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, February Term, 1903.

ACTION ON THE CASE (No. 54, November Term, 1900), to recover damages for personal injuries.

Counsel for plaintiff, previous to the trial of the above stated cause, stated that they wished to procure a certain pension certificate, to be used by the plaintiff to refresh his memory, from the custodian of the same in the Pension Office at Washington, D. C., but that the pension officer refused to surrender the paper without the written request of the Court trying the case. That the facts had been embodied in a duly attested petition, upon which the Court was requested to sign an order authorizing Daniel O. Hastings, Esquire, to procure the said pension certificate from the custodian of the same in Washington.

Counsel for defendant opposed the application, contending that there was no rule of evidence or practice under which the Court could make an order for the production of any paper which could not be put in evidence, but simply used by the witness as a private memorandum for the purpose of refreshing his recollection.

*Per Curiam:* Application refused.

BOYCE,., J., charging the jury:

Gentlemen of the jury:—This action was brought by the plaintiff to recover damages for personal injuries alleged to have been sustained by him by reason of the negligence of the defendant company.

It is claimed by the plaintiff that he was, on the thirtieth day of May, 1901, a passenger on car No. 12 of the defendant company, which was then being propelled by electricity, in a westerly direction, along the track of the defendant, on Sixth street, in this city; that at the same time cars Nos. 16 and 5, of the defendant company, and in the order mentioned, were running along the same track, in an opposite direction, towards car No. 12; that the defendant company carelessly and negligently used and operated car No. 5, in that the circuit breaker, the air-brake and the hand, or ratchet brake, attached thereto, were defective; that the car so equipped was carelessly and negligently operated by an unfit, careless and

incompetent servant as motorman; that by reason of the defective brakes and the incompetency of the motorman, the latter lost control of the car while descending a steep grade, between Broome and Madison, streets intersecting Sixth street; that the car so managed collided with car No. 16, driving the latter car with great force against car No. 12, upon which the plaintiff was riding, between Madison and Monroe streets; and that the plaintiff was thereby thrown out of the car upon the ground with great force, whereby he sustained great and permanent bodily injuries. The plaintiff further alleges that he was, at the time of the accident, in the exercise of due care and caution.

The defendant company, on the other hand, while admitting that car No. 5 collided with car No. 16, which in turn collided with car No. 12, denies having previous knowledge of the alleged defects in car No. 5 and of the alleged incompetency of the motorman in charge of the car; and claims that at the time of the accident the car was nearly new and was equipped with the best and safest appliances, and was operated by skillful and competent servants; that their servants exercised due care and diligence in attempting to avoid the collision, and that the accident was not due to any neglect or fault on the part of the defendant company, or any of its servants; that shortly before and after the accident the circuit breaker, the air-brake and the hand, or ratchet brake were in good condition; that the defendant was not thrown out of the car by reason of the collision, but that he jumped from the car while it was in motion and before the collision; and that the plaintiff has not sustained any permanent injury by reason of the accident complained of.

It is admitted that the defendant company is a common carrier, engaged in the business of conveying passengers over and along its roadway, and that the plaintiff was rightfully a passenger on car No. 12, immediately preceding the time of the accident.

The gist of an action for personal injuries is negligence. Negligence is never presumed; it must be proved. It is, therefore,

incumbent upon the plaintiff in this action to satisfy you by a pre-ponderance of the evidence that the accident complained of was the result of the negligent conduct and management on the part of the defendant company. And if the plaintiff has failed to so prove the negligence of the company, he cannot recover.

The law imposes upon common carriers of passengers the duty of providing safe cars, machinery and appliances and of keeping them in good repair and safe condition; and of providing competent and careful motormen and servants and to see that they use reasonable care in operating the cars so as to avoid danger. And to do all and every the things with respect to these matters that may be reasonably necessary to secure the safe transportation of its passengers.

*Maxwell vs. Wil. City Ry. Co., 1 Mar., 199 (206).*

In the case of *Flinn vs. P., W. & B. R. R. Co., 1 Houst., 469 (499),* this Court said: "Common carries of passengers are responsible for any negligence resulting in injury to them, and are required in the preparation, conduct and management of their means of conveyance, to exercise every degree of care, diligence and skill, which a reasonable man would use under such circumstances. This obligation is imposed on them as a public duty, and by their contract, to carry safely, as far as human care and foresight will reasonably admit. A railroad company, using as it does the powerful and dangerous agency of steam, is bound to provide skillful and careful servants, competent in every respect for the posts they are appointed to fill in their service; and is responsible not only for their possession of such care and skill, but also for the continued application of these qualities at all times." The degree of care required in these matters is the same whether the motive power be steam or electricity.

A common carrier is not an insurer of the safety of its passengers; but it is required to exercise the highest degree of care and diligence that is reasonably practicable in securing their safety, by keeping its cars and appliances in a safe condition and, at all

times, under the control and management of skilled and competent servants. There is, at the same time, a duty resting upon the passenger to act with prudence, and to use the means provided for his safe transportation, with reasonable circumspection and care, and if his negligent act contributes to bring about the injury of which he complains, he cannot recover.

*Betts vs. Wilmington City Ry. Co., 3 Pennewill, 448.*

Evidence that the plaintiff, to escape the danger of a collision between cars Nos. 16 and 12, jumped from the car upon which he was riding, will not support any count contained in the plaintiff's declaration, it being averred in some of the counts therein to the effect that he was thrown from his seat; in others, that he was thrown out of the car upon the ground.

*Higgins vs. Mayor and Council of Wilmington, 3 Pennewill, 356.*

The plaintiff has failed to make any allegation that he received any injury by jumping from the car, or that he did, in fact, jump from the car, and there is no count in the declaration which would support the proof, if there be any, that the plaintiff jumped from the car. If, therefore, you find that the plaintiff received no injury except by jumping from the car, and that whatever injury he did receive, was occasioned by jumping from the car, he cannot recover.

Evidence to the effect that the motorman lost control of car No. 5, causing the collision between cars Nos. 16 and 12, because the snap switch on the rear of the car was closed, when it should have been opened, will not support those counts in the declaration which aver, in effect, that the car was improperly equipped with a defective air-brake. But if you find that the switch was closed, without regard as to how or when it was closed, and that by the exercise of due care and caution the servants of the company might or should have discovered that it was closed, and that by reason thereof the air-brake failed to act effectually, as it was designed to act, and that the resultant failure so to act was due

to the carelessness, incompetency or negligence of the servants of the defendant company in not discovering that the switch was closed, and that as a result of the failure of the air-brake to work, the motorman lost control of car No. 5, and by reason thereof car No. 16 was forced against car No. 12, causing the plaintiff to be thrown therefrom and injured, then the failure to make the discovery and open the switch would constitute negligence.

If you find that the servants of the defendant company negligently and carelessly permitted car No. 5 to be overcrowded and that by reason thereof they lost control of the car; and that the plaintiff was injured by being thrown from car No. 12 upon the ground because of the failure of the servants of the company to control car No. 5 as a consequence of the overcrowding of the car, then the defendant company was negligent.

If the injuries alleged to have been sustained by the plaintiff were occasioned by the negligence of the defendant company, or its motorman, servants, or any of them, and without the fault or negligence of the plaintiff contributing thereto, then he would be entitled to recover. But if the negligence of the plaintiff contributed to and proximately entered into the accident which resulted in the injuries complained of, he cannot recover.

Where there is conflict in the testimony, you should reconcile it if you can. If you cannot, you should give credit to and be governed by the testimony, which, in your judgment, is most worthy of belief, taking into consideration the intelligence, apparent truthfulness, bias and impartiality of the witness. The weight and value of the evidence so determined by you is to be your guide in reaching your verdict. And governed by this instruction, you should decide this case in whose favor there is a preponderance of the evidence.

If you should find for the plaintiff, your verdict should be for such a sum as will reasonably compensate him for the injuries which he has sustained, including therein his pain and suffering, his impaired power to perform labor, in the past, since the accident,

and such as may come to him in the future, his loss of time and labor as a result of his injuries; and if, under the evidence, you find that his injuries are of a permanent character, such as to cause any impairment of ability to earn a living in the future, you should consider that fact in determining the amount of damages, otherwise you should not award damages for permanent disability.

Verdict for plaintiff for $1,800.